# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1594-24

M.J.,

    Plaintiff-Respondent,

v.

C.J.,

    Defendant-Appellant.

_____

Submitted October 16, 2025 – Decided October 27, 2025

Before Judges Mayer and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FV-03-0649-25.

Domers Bonamassa & Farrow, PC, attorneys for appellant (Timothy S. Farrow, on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant C.J. appeals from a final restraining order (FRO) entered pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-

17 to -35, in favor of plaintiff M.J., his former girlfriend.[1]  He also appeals from an order denying his motion for reconsideration.[2]  We affirm.

Plaintiff and defendant dated from 2017 until 2023.  In July 2023, plaintiff ended her relationship with defendant.  For more than a year following the break-up, defendant constantly called and texted plaintiff, accusing her of poisoning him without evidence.  Defendant frequently attempted to communicate with plaintiff by calling and texting between one and three o'clock in the morning.  Plaintiff tried blocking and ignoring his calls and text messages, but defendant circumvented her efforts by using new cell phones and private numbers.  In September 2024, plaintiff obtained a temporary restraining order (TRO) against defendant alleging he committed the predicate act of harassment.

The domestic violence trial proceeded in October 2024.  Defendant was represented by an attorney.  Plaintiff was self-represented.  The parties were the only witnesses who testified.

---

[1]  We use initials to protect the domestic violence victim's privacy.  R. 1:38-3(d)(10).

[2]  Defendant failed to brief the denial of his motion for reconsideration.  Thus, we deem the argument waived.  See Morris v. T.D. Bank, 454 N.J. Super. 203, 206 n.2 (App. Div. 2018) ("An issue not briefed is deemed waived on appeal."), see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2026).

At trial, plaintiff described defendant's harassing conduct and constant accusations of poisoning. She told the judge defendant had never threatened to harm her, but she did not "know if [defendant was] going to hurt [her]" based on his erratic and harassing behavior. On cross-examination by defendant's attorney, plaintiff testified: "I don't know if he's going to hurt me. I don't know if he's going to come to my house. . . . I don't know what to think. He's leaving messages on my phone. I don't know what he's going to do next."

Defendant denied plaintiff's allegations. He further testified that plaintiff had poisoned him but provided no evidence of his being poisoned. Additionally, he told the judge that plaintiff, despite the issuance of the TRO, had come to his home just before the trial.

The judge heard the parties' testimony and considered additional evidence presented at trial, including the recorded voicemail messages left on plaintiff's cellphone. After hearing the testimony, the judge concluded defendant was the caller on the voicemail messages because the voice on the messages matched defendant's voice in the courtroom. Additionally, the judge noted the messages accused plaintiff "of poisoning him," which corroborated plaintiff's trial testimony.

A-1594-24

The judge found plaintiff's testimony credible. On the other hand, the judge determined defendant's testimony was not credible, particularly his denial of calling plaintiff, which was belied by the voicemail messages introduced as evidence.

The judge found defendant's repetitive accusations that plaintiff had poisoned him reflected increasingly harassing behavior. Additionally, the judge concluded defendant had failed to stop communicating with plaintiff more than a year after the break-up. Further, the judge explained defendant's communications were made at extremely inconvenient hours. Based on these findings, the judge held defendant's conduct constituted harassment.

After defendant filed his notice of appeal, the judge issued a written amplification of reasons. In the amplification, the judge wrote: "defendant's repeated and continuous allegations . . . of having been poisoned by plaintiff" supported finding "a harassing intent in defendant's course of conduct." In addition, the judge explained defendant's contacting plaintiff at extremely inconvenient hours despite plaintiff's request that defendant not contact her "strongly suggested the need for a final restraining order."

A-1594-24

On appeal, defendant argues the judge erred in finding his conduct constituted harassment. He further asserts plaintiff failed to satisfy her burden of demonstrating the need for a FRO.

"In our review of a trial court's order entered following trial in a domestic violence matter, we grant substantial deference to the trial court's findings of fact and the legal conclusions based upon those findings." D.N. v. K.M., 429 N.J. Super. 592, 596 (App. Div. 2013) (citing Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). We should not disturb the "factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)). Deference is particularly appropriate when the evidence is testimonial and involves credibility issues because the judge who observes the witnesses and hears the testimony has a perspective the reviewing court does not enjoy. Pascale v. Pascale, 113 N.J. 20, 33 (1988) (citing Gallo v. Gallo, 66 N.J. Super. 1, 5 (App. Div. 1961)).

The entry of an FRO requires the Family Part judge to make certain findings. See Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006).

The judge "must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19[(a)] has occurred." Id. at 125.

Next, the judge must determine "whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29[(a)](1) to -29[(a)](6), to protect the victim from an immediate danger or to prevent further abuse." Id. at 127 (citing N.J.S.A. 2C:25-29(b)); see also J.D. v. M.D.F., 207 N.J. 458, 475-76 (2011). This determination requires evaluation of:

> (1)   The previous history of domestic violence between the plaintiff and defendant, including threats, harassment and physical abuse;
>
> (2)   The existence of immediate danger to person or property;
>
> (3)   The financial circumstances of the plaintiff and defendant;
>
> (4)   The best interests of the victim and any child;
>
> (5)   In determining custody and parenting time the protection of the victim's safety; and
>
> (6)   The existence of a verifiable order of protection from another jurisdiction . . . .
>
> [N.J.S.A. 2C:25-29(a).]

6

Here, the trial court found defendant had committed harassment, a predicate act under the PDVA. A person commits harassment if, "with purpose to harass another," he or she:

> (a)    Makes, or causes to be made, one or more communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;
>
> (b)    Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or
>
> (c)    Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.
>
> [N.J.S.A. 2C:33-4.]

For a finding of harassment under N.J.S.A. 2C:33-4, the actor must have the purpose to harass. Corrente v. Corrente, 281 N.J. Super. 243, 249 (App. Div. 1995) (citing D.C. v. T.H., 269 N.J. Super. 458, 461-62 (App. Div. 1994)). A finding that a party had the purpose to harass must be supported by "some evidence that the actor's conscious object was to alarm or annoy; mere awareness that someone might be alarmed or annoyed is insufficient." J.D., 207 N.J. at 487 (citing State v. Fuchs, 230 N.J. Super. 420, 428 (App. Div. 1989)). A purpose to harass may be inferred from the evidence. State v. Hoffman, 149 N.J. 564, 577 (1997) (citing State v. McDougald, 120 N.J. 523, 566-67 (1990);

A-1594-24

State v. Avena, 281 N.J. Super 327, 340 (App. Div. 1995)). Common sense and experience may also inform a determination or finding of purpose. Id. at 577 (citing State v. Richards, 155 N.J. Super. 106, 118 (App. Div. 1978)). "[T]he decision about whether a particular series of events rises to the level of harassment or not is fact-sensitive." J.D., 207 N.J. at 484.

We are satisfied there is sufficient credible evidence in the record supporting the judge's determination that defendant committed the predicate act of harassment. Plaintiff presented ample evidence of defendant's repeated phone calls and text messages at inconvenient hours, accusing plaintiff of poisoning him. These communications continued well after plaintiff ended her relationship with defendant. The communications continued through the eve of the domestic violence trial despite the issuance of a TRO precluding defendant from contacting plaintiff. We discern no basis to disturb the judge's findings that defendant's conduct constituted harassment.

We also reject defendant's argument that plaintiff failed to meet her burden under the second Silver prong, demonstrating the need for an FRO to protect her from immediate danger or to prevent further abuse. 387 N.J. Super. at 127.

A-1594-24

The record supported the judge's determination that plaintiff required the FRO. Despite plaintiff ending the relationship more than a year prior to the domestic violence trial, the judge found defendant continued to contact plaintiff with increasing frequency and at extremely inconvenient hours. The judge further found defendant's harassing communications repeated unsupported accusations that plaintiff poisoned him. Based on defendant's continual attempts to contact plaintiff notwithstanding her efforts to cease all communications, the judge concluded defendant was unlikely to stop harassing plaintiff without an FRO.

Additionally, at trial, plaintiff testified she did not know if defendant would come to her home and harm her. She told the judge that defendant's behavior was "making [her] scared." Having reviewed the trial transcript, we are satisfied plaintiff's testimony supported the issuance of an FRO under the second Silver prong.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1594-24